IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | | |
|---|---|---|
| REEMA CONSULTING SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-402C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Pursuant to Part VI of Appendix C of the Rules of the United States Court of Federal

Claims (RCFC), defendant, the United States, respectfully requests the Court to enter the

attached protective order in this case.  The attached protective order (Attachment A) is the same

as this Court's model protective order (RCFC Form 8), except with minor changes to paragraphs

two, seven, 12, and 20.  We have attached, as Attachment B, a mark-up of Form 8,

demonstrating our proposed changes.  Plaintiff opposes this motion.

At the outset, the Government respectfully notes that it is aware of the Court's orders

rejecting the changes to RCFC Form 8 proposed below, including the recent order in which the

Court indicated that it "is not prepared to issue an order based on defendant's new version of a

protective order, without defendant's reasons being examined as part of the court's rules

process."  *Wegco, Inc. v. United States*, No. 12-328C, June 1, 2012 Order.  To that end,

comments have been provided, both by the Department of Justice and the Court of Federal

Claims Bar Association, in response to a Notice of Proposed Amendments to Rules published by

the Court on April 10, 2012.  In the meantime, to prevent any waiver of the Government's

position, the Government respectfully requests the below changes to RCFC Form 8 for the protective order for this bid protest.

In paragraph two of our proposed protective order, we propose to apply the requirement that protected information "be used solely for the purposes of this litigation" to private parties only. This requirement makes sense for private parties, because the litigants should not be able to gain an unfair competitive advantage for their businesses by obtaining proprietary information in a lawsuit. This reasoning, however, does not hold true for the Government, which necessarily needs to obtain this information as part of any procurement decision and is not a competitor to the other bidders. Additionally, if protected information provided by a party during litigation indicates potential criminal activity or fraud, in some cases the Government must turn over such information to the appropriate Government authorities for purposes of investigation. *See, e.g.*, 28 U.S.C. § 535(b) (requiring Federal employees to report "information, allegation, matter, or complaint witnessed, discovered, or received . . . relating to violations of Federal criminal law involving Government officers" to the Attorney General or other appropriate authority); 5 C.F.R. § 2635.101(b)(11) (Federal "[e]mployees shall disclose waste, fraud, abuse, and corruption to appropriate authorities.").

Similarly, if the procuring agency learns protected information through this protest that is material for decisions that do not affect this litigation, it should not be forced to ignore that information in its decision-making process. *See Beta Analytics Int'l, Inc. v. United States*, 69 Fed. Cl. 431, 433 (2005) ("if a procurement process is to be rational, relevant facts can hardly be ignored – to do so would . . . distort the decision-making process") (citation omitted). Furthermore, the Court expects the Government to take consistent positions in all its cases. *See Stovall v. United States*, 71 Fed. Cl. 696, 702 n.9 (2006) ("having the United States take

inconsistent positions before sister courts is hardly a trifling matter"). For example, if we are taking a position in Case A that involves an issue similar to an issue already raised in Case B, we should be able to review the briefs from Case B in order to ensure that our positions in the cases are consistent. In the bid protest context, this may very well include considering protected information from Case B, in order to inform our position in Case A. So long as we do not disclose protected information from Case B in Case A, there is nothing inherently inappropriate about the Government using protected information in this manner and it should not be precluded by the protective order.

In paragraph seven of our proposed protective order, we proposed to allow all officials of the Executive Branch involved with or affected by this litigation access to protected material, rather than just the Department of Justice and the procuring agency. Other departments, agencies or offices, in the Executive Branch, besides the Department of Justice and the procuring agency, will often have an interest in bid protest litigation and a need to have access to protected information. For example, in recent years, the Court has repeatedly issued decisions in bid protests that were of interest to personnel in the Office of Management and Budget (OMB), in the White House. The Department of Justice, however, was unable to provide OMB with these decisions when they were issued because they were issued under seal and OMB personnel were not admitted to the protective orders. Furthermore, the issues presented in bid protests often implicate small business concerns that require the participation of the Small Business Administration. Any Government personnel obtaining protected information would be bound by the terms of the protective order and, depending upon the nature of the protected information,

may be bound by other statutes to keep the information confidential. *See, e.g.*, 18 U.S.C. § 1905 (Trade Secrets Act); 41 U.S.C. § 423 (Procurement Integrity Act).

Our change to paragraph 12 is designed to give the parties more flexibility regarding when they must complete redactions to briefs.

The change to paragraph 20 requires that only private parties must destroy or return protected information at the end of the case. It is neither necessary, nor practical, to require the Government to destroy all protected information at the end of a case. It is unnecessary for the Government to destroy protected information because the Government will likely have already been in possession of most of the protected information prior to the case. Most of the protected information in this case will likely be found in, or based upon, the administrative record. The documents in the administrative record are usually in the Government's possession prior to the filing of the protest. Accordingly, pursuant to paragraph 20 of the model protective order, the Government would usually be required to destroy documents that were based upon information that was already in its possession prior to the protest.

Also, collecting and destroying protected information poses different issues for the Government than for a private party. The protected documents are often disseminated to a large number of Government employees throughout the course of the protest, all of whom have an important role in defending the protest, making it more burdensome to retrieve the protected information at the end of the protest.[1]

---

[1] It is also possible that the United States, as a whole, may be required, by law, to keep more than one copy of the protected documents. *See* 44 U.S.C. § 3101 (requiring "each Federal agency" to preserve records "necessary to protect the legal and financial rights of the Government and of persons directly affected by the agency's activities.")

For these reasons, defendant respectfully requests that this Court issue the proposed protective order that is Attachment A to this motion.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Nicholas Jabbour
NICHOLAS JABBOUR
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0338
Facsimile: (202) 307-0972
E-mail: Nicholas.Jabbour@usdoj.gov

June 27, 2012                                   *Attorneys for Defendant*